UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

   Plaintiff,

 v.               Case No. 20-cr-0185-bhl-11

LUIS F GOMEZ, JR,

   Defendant.

# ORDER

  Defendant Luis F. Gomez, Jr. is charged with conspiracy to distribute marijuana and possession with intent to deliver marijuana in violation of 21 U.S.C. §§841(b)(1)(B) and 846. (ECF No. 107.) On October 2, 2020, at the request of defense counsel, Magistrate Judge Joseph ordered defendant detained preliminarily pending a detention hearing. (ECF No. 101.) On October 7, 2020, after conducting the detention hearing, Magistrate Judge Joseph found that Gomez had overcome the rebuttable presumption of detention carried by his drug trafficking charge, but determined detention was warranted nevertheless to protect the community based on the nature of the charged conduct. (ECF No. 112.)

  On December 4, 2020, Gomez filed a "motion for bail review," seeking to be released from custody. (ECF No. 151.) On December 15, 2020, Magistrate Judge Joseph denied the motion because "Gomez failed to identify any new information that would justify reopening the detention hearing under 18 U.S.C. §3142(f)." (ECF No. 155.) In addressing the affidavit defendant's counsel attached to the motion, she stated "[t]hese factors were known and considered at the time of Gomez's detention hearing." (*Id.*)

  On December 28, 2020, Gomez filed a "motion for reconsideration of December 15, 2020 Order Denying Defendant Motion for Bail Hearing." (ECF No. 170.) Attached to the motion is an affidavit from defendant's counsel containing information similar to that contained in the affidavit attached to his December 4, 2020 motion. (ECF No. 170-1.) On January 6, 2021, the government responded to defendant' motion to reconsider and asked the Court to continue the defendant's detention. The Court will review the magistrate judge's detention decision pursuant to 18 U.S.C. §3145(b). After reviewing the parties' filings and the entire record de novo, for the following reasons, the Court will deny defendant's motion.

## LEGAL STANDARD

A defendant shall be detained pending trial if a "judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the … community." 18 U.S.C. §3142(3)(1). When a defendant is charged with a drug offense for which the maximum term of imprisonment is more than ten years, there is a rebuttable presumption that, "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community." 18 U.S.C. §3142(e)(3). The rebuttable presumption "shifts the burden of production but not the burden of persuasion to defendants." *United States v. Portes*, 786 F.2d 758, 764 (7th Cir. 1985). If the defendant successfully rebuts the presumption, the presumption remains in the case as an evidentiary finding, "to be weighted along with other evidence relevant to factors listed in §3142(g)." *Id.* The government must prove that the person is a danger to the community by clear and convincing evidence or a flight risk by a preponderance of the evidence. *Id.* at 764-5.

A detention hearing can be reopened if, "at any time before trial … the judicial officer finds that information exists that was not known to the movant at the time of the hearing that has a material bearing" on the Court's detention decision. 18 U.S.C. §3142(f). A defendant detained by a magistrate judge may file a motion for revocation of the detention order with the district court. 18 U.S.C. §3145(b). The district court reviews the magistrate judge's detention decision de novo but is not obligated to conduct a hearing. *United States v. Chavez-Rivas*, 536 F.Supp.2d 962, 963 (E.D. Wis. 2008) (citing *United States v. Portes*, 786 F.2d 758, 761 (7th Cir. 1985); *United States v. Torres*, 929 F.2d 291, 292 (7th Cir. 1991)).

## ANALYSIS

The defendant's motion and reasons for being released from detention prior to trial are not persuasive. Gomez has been indicted by a grand jury on drug trafficking charges which carry maximum penalties exceeding ten years. (ECF No. 37.) This is sufficient to trigger the rebuttable presumption in favor of detention under 18 U.S.C. §3142(e)(3)(A). *See Kaley v. United States*, 571 U.S. 320, 329 n.6 (2014). At the detention hearing, the Magistrate Judge found that Gomez had overcome the presumption of detention, but nevertheless ordered him detained pending trial to protect the community.

Through counsel, Gomez asserts that he is a lifelong Milwaukee resident, denies all culpability of wrong doing, denies that he is affiliated with the Mexican Posse Gang, understands that he is prohibiting from possessing a firearm, and has potential employment opportunities if released from custody. (ECF No. 170-1.) Defendant's counsel highlights that during a prior state criminal case, defendant was released pending his trial and attended all required court dates. (Id.) He also appears to

question the weight of the evidence against Gomez, by pointing out that there is only one incriminating phone call of his client. (*Id.*) The government justifies the lack of incriminating phone calls of Gomez by pointing out that the drug trafficking organization frequently used other third-party applications for communicating that are not typically intercepted. (ECF No. 175.) The government's evidence includes examples of these third-party application messages used by the defendant to communicate. (*Id.*) The government's evidence also indicates Gomez often carried firearms during drug deliveries, frequently drove vehicles associated with the drug trafficking organization, and displayed the hand signs of the Mexican Posse street gang in pictures posted to his social media account. (*Id.*)

After reviewing the record, considering the serious nature and circumstances of the offenses, the weight of the evidence against the defendant, and the statutory presumption in favor of detention, the Court finds that there are no combination of conditions that will reasonably assure the safety of the community and Gomez must remain detained pending trial. Nothing in defendant's latest submission is sufficient to overcome the concerns raised by defendant's alleged involvement in a large drug distribution enterprise, his repeated possession of firearms allegedly in connection with that criminal enterprise, and his having engaged in incredibly dangerous attempts to avoid police in high-speed vehicle chases. Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion for reconsideration of the detention order, (ECF No. 170), is **DENIED**.

Dated at Milwaukee, Wisconsin on January 27, 2021.

s/ Brett H. Ludwig
BRETT H. LUDWIG
United States District Judge